IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
EARTH ISLAND INSTITUTE and        )
CENTER FOR BIOLOGICAL DIVERSITY,  )   2:11-cv-00402-GEB-DAD
                                  )
              Plaintiffs,         )
                                  )   ORDER DENYING PLAINTIFFS'
       v.                         )   MOTION FOR INJUNCTION PENDING
                                  )   APPEAL
NANCY GIBSON, in her official     )
capacity as Forest Supervisor     )
for the Lake Tahoe Basin          )
Management Unit, and UNITED       )
STATES FOREST SERVICE, an agency  )
of the Department of              )
Agriculture,                      )
                                  )
              Defendants.         )
_____  )
```

Plaintiffs move under Federal Rule of Civil Procedure ("Rule") 62(c) for an injunction pending their appeal of the Order filed on July 13, 2011, in which Plaintiffs motion for summary judgment was denied and Defendants' motion for summary judgment was granted. The injunction Plaintiffs seek pending appeal would enjoin certain logging activities scheduled to begin on July 26, 2011, as part of the post-fire restoration project called the Angora Fire Restoration Project. Plaintiffs also request a ruling on this injunction pending appeal motion on or before July 18, 2011.

Rule 62(c) prescribes, in pertinent part: "While an appeal is pending from an interlocutory order or final judgment that . . . denies an injunction, the court may . . . grant an injunction . . . ." Fed. R. Civ. P. 62(c). "The standard for a Rule 62(c) injunction pending appeal

1

is similar to the standard for a preliminary injunction." <u>Conservation Cong. v. United States Forest Serv.</u>, No. 2:07-cv-02764-LKK-KJN, 2011 WL 1087463, at *2 (E.D. Cal. Mar. 24, 2011) (citing <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983). Under the preliminary injunction standard, "[a] plaintiff . . . must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S. Ct. 365, 374 (2008). This standard can be satisfied by the Ninth Circuit's "serious questions" test, under which "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of [an] injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiffs argue: "Plaintiffs have, through the arguments previously submitted to this Court on briefing of summary judgment . . ., demonstrated that they will likely prevail on their appeal or have raised serious questions regarding the legal claims at issue here[.]" (Mot. for Injunction Pending Appeal 5:14-16.) Defendants' counter that Plaintiffs "neither establish[] that [they are] likely to succeed on the success of the merits or explain[] how any serious questions are raised." (Defs.' Opp to Pls.' Mot. For Injunction Pending Appeal 3:10-12.) For the reasons stated in the July 13, 2011 Order deciding the cross-motions for summary judgment, Plaintiffs have not shown they are likely to succeed on the merits of their claims, or raised serious questions going to the merits of those claims.

1           Assuming arguendo that Plaintiffs have raised serious
2  questions going to the merits of their claims, Plaintiffs have not shown
3  that the balance of harms tips in their favor. Cottrell, 632 F.3d at
4  1135. Plaintiffs have not made specific arguments in their injunction
5  motion pending appeal addressing the balance of harms; but instead
6  incorporate the arguments made in their initial summary judgment motion.
7  Plaintiffs argued in that motion that they will suffer harm from
8  implementation of the Angora Project since it will "result in
9  environmental injury due to the long-term loss and degradation of nearly
10 1,400 acres of ecologically-important burned forest, and the rich
11 habitat that it provides for wildlife, including snag-dependent
12 cavity-nesting species." (Pls.' Mot. for Summ. J. 35:25-27.) Plaintiffs
13 also argued: "This environmental injury would also harm Plaintiffs'
14 members by precluding their enjoyment, scientific study, and use of the
15 Project area in its natural state." Id. 3:5.

16          Defendants rejoin that Plaintiffs' harm is "de minimus
17 considering there will be substantial untouched post-fire areas in and
18 around the Project Area after implementation of the Project." (Defs.'
19 Opp to Pls.' Mot. For Injunction Pending Appeal 5:23-26.) Defendants
20 further argue that "[t]he public interest is served best by
21 implementation of the Project, which benefits the public interest by
22 increasing safety to both human lives and wildlife through the reduction
23 of the threat of future wildfire and allowing the safe removal of hazard
24 trees that create a risk for all forest users." Id. 4:20-24. Further,
25 Defendants argue:

26          An injunction pending appeal will also harm the
            public interest because delaying implementation of
27          the Project now may make it impossible to implement
            in the future because of safety and funding
28          concerns. As time passes, there is a increased
            safety risk from hazard trees falling, creating

>dangerous conditions for forest users, including forest workers implementing restoration work and firefighters. Additionally, brittle decaying trees are more difficult to remove, making implementation of the restoration work more costly. Finally, funding for the Project must be awarded to private contractors this fiscal year, which may be impossible to do in the even[t] the Project is enjoined pending appeal.

Id. 5:3-9.

Defendants also argue that delayed implementation of the Angora Project "increas[es] safety to both human lives and wildlife through the reduction of the threat of future wildfire and allow[s] the safe removal of hazard trees that create a risk for all forest users." Id. 4:20-23. Defendants further argue that "the threat to public safety from both hazard trees falling and future catastrophic fire effects, and the loss of the benefits of restoration of the Angora Project area posed by enjoining even just part of the Project outweigh any alleged environmental harms claimed by [Plaintiffs]." Id. 5:26-6:2.

"In balancing the harms, [the Court] must weigh the environmental injuries invoked by [Plaintiffs] against the other injuries identified by the Forest Service[.]" The Lands Council v. McNair, 537 F.3d 981, 1004 (9th Cir. 2008) (en banc) (overruled on other grounds by Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 n.10 (9th Cir. 2009)). The Ninth Circuit has "decline[d] to adopt a rule that any potential environmental injury automatically merits an injunction, particularly where, as in this case, [the Court has] determined that the plaintiffs are not likely to succeed on the merits of their claims." Id. at 1005.

Here, although implementation of the Angora Project likely will have environmental consequences, Defendants have shown that the Angora Project "benefits the public's interest in a variety of other

4

ways." <u>Id.</u> at 1005. Specifically, the Forest Service has provided persuasive evidence that delaying the logging project would present a risk of catastrophic fire; a risk that the trees could become brittle from decay and thus be more difficult to remove; and an increased safety risk from hazardous trees falling, creating dangerous conditions for forest users, including forest workers implementing restoration work and firefighters. Accordingly, Plaintiffs have not shown that the balance of harms tips in their favor.

Therefore, Plaintiffs' motion for an injunction pending appeal is denied.

Dated: July 18, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge